It has been the aim of the courts of this State, in the decision of controversies between the heir and the widow on the subject of waste to accommodate the principles of the common law to the condition of our country. So far as respects the clearing of new ground for cultivation, and the getting of staves and shingles on wild lands, this object has perhaps been accomplished with sufficient precision. As yet, however, there have been few or no adjudications in relation to the legitimate use by the tenant in dower of lands of another description, which furnish no inconsiderable part of the products of industry in the eastern section of the State. Turpentine trees are there "tended" as a regular crop, yielding an annual profit, but ultimately destructive of the trees themselves. It is our duty, by analogy to the adjudged cases, to ascertain the rights of the tenant in the use of these trees upon land assigned to her in dower. Upon the most mature consideration we are of opinion, first, that the widow has not the right to make turpentine upon land *Page 253 
which in the life-time of her husband had not been used for that purpose. Secondly, that she may rightfully use, in the ordinary mode of making turpentine, trees that have been boxed or tended for turpentine in his life-time. Thirdly, that she may box new trees as those already boxed become unfit for use, so as not to enlarge the crop beyond the extent which it had when the dower was assigned.
As the instruction given on the trial is understood to forbid the widow to box or tend trees for turpentine under any circumstances the judgment is reversed and a new trial awarded. (319)
PER CURIAM. Judgment reversed.
Cited: Bynum v. Carter, 26 N.C. 313; King v. Miller, 99 N.C. 596.